IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JAMES PHELPS                                                                                    PLAINTIFF
ADC # 095062

v.                                            4:23CV00607-DPM-JTK

MIKE KNOEDL, et al.                                                                       DEFENDANTS

**ORDER**

James Phelps ("Plaintiff") is in custody at the Dallas County Detention Center. Plaintiff filed pro se complaint pursuant to 42 U.S.C. § 1983 against multiple Dallas County officials. (Doc. Nos. 2, 3). The Court now must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA").

**I.      Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**II.    Discussion**

    **A.    Plaintiff Complaint**

Plaintiff filed a Complaint and an Addendum.  (Doc. Nos. 2, 3).  The Court notes that the allegations in both documents are the same.  In Plaintiff's addendum, he added the language of grievances he submitted.  The Court construes the documents together as one.

Plaintiff sued Dallas County, Arkansas, Sheriff Mike Knoedl, Jailer John Garef, Jail Administrator Kathren Shuler, and Jailer Crystal in their personal and official capacities.  (Doc. No. 2 at 1-2).  Plaintiff alleges that on May 24, 2023, he was eating lunch and bit down on something hard.  (Id. at 4).  Plaintiff determined the object was a piece of glass.  (Id.).  Plaintiff showed Defendants Garef and Crystal the glass.  (Id.).  Crystal brought Plaintiff another tray, but Plaintiff was never taken to the doctor or even asked if he wanted to go.  (Id.).  Plaintiff filed a grievance about the incident, but only five days later received the response that there was no glass in or around the kitchen or in the rice.  (Id.).  Plaintiff's grievance was closed, but he filed another grievance regarding the incident informing "them" that Plaintiff would be taking "them" to federal court.  (Doc. No. 2 at 4-5).

Plaintiff also complains that on April 22, 2023, he informed medical that he was in pain from his broken collar bone. (Id. at 5). On April 24, 2023, Brieann Coston responded "we will [illegible] next week." (Id.). On April 29, 2023, Plaintiff filed a grievance requesting the same thing. (Id.). Key responded this was the first request that was received for this complaint. (Id.). The response also indicated Plaintiff would be evaluated "next week." (Id.).

On May 17, 2023, Plaintiff "stated [he] was seen 2 wks ago about [his] collar bone" and he was told at that time that he would get an x-ray in a few days. (Doc. No. 2 at 5). Brieann Coston responded that Plaintiff's x-ray had been scheduled for May 5, 2023. (Id.). Brieann Coston also asked Plaintiff if he was not taken to the appointment or if he was requesting his results. (Id.). On May 29, 2023, Plaintiff clarified that he had not been taken to the appointment. (Id.). "Medical staff" responded "I'll try to set something up." (Id.). As of June 13, 2023, Plaintiff had not been taken for an x-ray. (Id.). Plaintiff asserts his doctor ordered x-rays, but the Detention Center refused to go by his doctor's orders. (Doc. No. 2 at 5). Plaintiff seeks damages and says the Detention Center "needs [a] kitchen supervisor." (Id. at 6).

    **B.**    **Official Capacity Claims Under 42 U.S.C. § 1983**

Plaintiff sued Defendants in their personal and official capacities. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010).

Plaintiff's claims against Defendants are the equivalent of claims against Dallas County. To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S.

3

378, 389 (1989). Plaintiff has not alleged that a policy or custom was the driving force behind the alleged violation of his rights. As such, Plaintiff cannot establish liability against Dallas County.

### C.  Personal Capacity Claims Under 42 U.S.C. § 1983

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

#### 1.  Glass In Food

Plaintiff alleges that he found a piece of glass in his food. Without more, this allegation sounds in negligence. Mere negligence is not sufficient to state a claim under § 1983.

Plaintiff complains about the way his grievance about the glass was handled. To the extent Plaintiff claims a violation of his due process rights, a "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates . . . it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993). As such, Plaintiff's complaints about the grievance procedure fail to state a claim on which relief may be granted.

To the extent Plaintiff claims that any Defendant violated Plaintiff's right of access to the courts, "'to assert a successful claim for denial of meaningful access to the courts . . . an inmate must demonstrate that he suffered prejudice.'" Beaulieu v. Ludeman, 690 F.3d 1017, 1037 (8th

Cir. 2012) (internal citation omitted).   Because Plaintiff has not alleged prejudice, any access to the courts claim also fails.

### 2. Deliberate Indifference to Serious Medical Needs

Plaintiff indicated that at the time of the alleged incidents giving rise to this lawsuit, he was in jail and still awaiting trial on pending criminal charges.  (Doc. No. 2 at 3).   As such, Plaintiff was pretrial detainee at the time of the events giving rise to his claims.  As a pretrial detainee, Plaintiff's deliberate indifference to serious medical needs claims are analyzed under the Fourteenth Amendment.

Prison officials violate a pretrial detainee's rights under the Due Process Clause of the Fourteenth Amendment when they show deliberate indifference to his serious medical needs. Ivey v. Audrain County, Missouri, 968 F.3d 845, 848 (8th Cir. 2020).   To succeed on a claim of deliberate indifference to a medical need, a pretrial detainee plaintiff must show he had an objectively serious medical need and prison officials had actual knowledge of, but deliberately disregarded, that need.  See Id.  "Deliberate indifference may be demonstrated by prison guards who intentionally deny or delay access to medical care or intentionally interfere with prescribed treatment, or by prison doctors who fail to respond to prisoner's serious medical needs."   Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997).   "Mere negligence or medical malpractice . . . are not sufficient to rise to a constitutional violation."   Davis v. Hall, 992 F.2d 151, 153 (8th Cir. 1993).   As such, allegations involving negligence or medical malpractice do not state a § 1983 claim on which relief may be granted.

Plaintiff complains that there was a delay in being seen by the doctor for his collar bone after Plaintiff filed his first grievance about the issue.   (Doc. No. 2 at 5).   A plaintiff alleging deliberate indifference based on a delay in treatment must establish that the delay had an adverse

effect on the plaintiff's condition. Redmond v. Kosinski, 999 F.3d 1116, 1120 (8th Cir. 2021). Plaintiff has made no allegations that any delay caused any adverse effect.

Plaintiff also complains that "medical staff" has not taken him for an x-ray. But Plaintiff did not indicate who made the statement or who otherwise knew of Plaintiff's serious medical needs but ignored them. Because liability under §1983 is based on an individual's own actions, without such allegations Plaintiff's claim regarding the denial of an x-ray also fails.

### D.  Superseding Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[1]  Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible;  3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

---

[1] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

If Plaintiff does not submit an Amended Complaint, I will recommend that his Original Complaint be dismissed. See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

### III. Conclusion

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order. If Plaintiff does not submit an Amended Complaint, I will recommend that his Original Complaint be dismissed. See 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e); Loc. R. 5.5(c)(2).

2. The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 25th day of July, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE